Madlyn Gleich Primoff, Esq.
madlyn.primoff@freshfields.com
Alexander Adams Rich, Esq.
alexander.rich@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone:    (212) 277-4000
Facsimile:    (212) 277-4001
Attorneys for the Foreign Representatives

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 15 |
| LIMORA INVESTMENTS LIMITED – IN LIQUIDATION, | Case No. 19-[_____] |
| Debtor in a Foreign Proceeding. | |

## VERIFIED PETITION OF FOREIGN REPRESENTATIVES FOR RECOGNITION OF FOREIGN MAIN PROCEEDING UNDER 11 U.S.C. §§ 1515 AND 1517 AND RELIEF UNDER 11 U.S.C. §§ 1520 AND 1521

Alexander Lawson and Paul Pretlove, in their capacity as the joint liquidators of Limora Investments Limited – in liquidation ("Limora" or the "Debtor"), for their petition (the "Petition") for recognition of the Debtor's foreign proceeding (described below) as a foreign main proceeding pursuant to Sections 1515 and 1517 of title 11 of the United States Code (the "Bankruptcy Code"), and for relief under Sections 1520 and 1521 of the Bankruptcy Code, respectfully represent as follows:

### PRELIMINARY STATEMENT

1.    The Debtor is incorporated under the laws of the British Virgin Islands (the "BVI") and has a registered office in the BVI. The Debtor is the parent company in an extensive corporate group (the "Limora Group") comprising more than 100 entities in at least 16 jurisdictions. Those entities are incorporated in and hold assets in a large number of

jurisdictions, the principal ones being the BVI, United Arab Emirates, Spain, the United Kingdom, Singapore, Thailand and the United States of America. A large portion of the Limora Group companies are incorporated in the BVI, including effectively all of the entities at the top of the corporate structure.

2.      The operations of the Limora Group are centered around real estate related assets, including hotels and resorts that were sold via timeshares.

3.      Limora's sole member is Lumbro Nominees (Jersey) Limited ("Lumbro" or the "Trustee") in its capacity as the trustee of a Cayman Islands law-governed trust (the "Limora Trust"). The Settlor of the Limora Trust was Robert (Bob) Trotta, a prominent luxury resort developer who died in December, 2017.

4.      On February 13, 2019, pursuant to a qualifying members' resolution (the "Resolution") executed by Lumbro as the sole member of Limora, in accordance with Section 159(2) of the BVI Insolvency Act of 2003 (the "Insolvency Act"), Lumbro placed Limora into liquidation (the "Foreign Main Proceeding") and duly appointed Mr. Lawson and Paul Pretlove (the "Foreign Representatives") to serve as the joint liquidators of Limora. A copy of the Resolution is attached hereto as Exhibit A. On February 13, 2019, Lumbro (in its capacity as the sole director of Limora) provided the Foreign Representatives with a certificate of their appointment in accordance with Rule 154 of the BVI Insolvency Rules, a copy of which certificate is attached hereto as Exhibit B.

5.      As discussed more fully below, the purpose of the Foreign Main Proceeding is to enable the Foreign Representatives to oversee the conduct of the Limora Group and give effect to the necessary steps to ensure the best possible outcome for creditors and other stakeholders. The aim of the Foreign Main Proceeding is to ensure the orderly liquidation of the Debtor's assets and the fair treatment of its creditors subject to the conditions and limitations under applicable law and regulations.

6.      Consistent with the aims of the Foreign Main Proceeding, the Foreign Representatives require, on behalf of the Debtor, the protections afforded to foreign debtors under Chapter 15 of the Bankruptcy Code and, more specifically, recognition and relief under Sections 1520 and 1521 of the Bankruptcy Code.

7.      The Limora Group's assets include, directly or indirectly, several companies located in the United States, including but not limited to American Resort Coalition Inc. and several of its subsidiaries.  In addition, certain persons that hold records or have access to records of Limora and the Limora Group are located in the United States.  The Foreign Representatives require Chapter 15 relief to facilitate their investigation of the Debtor and its assets, affairs, rights, obligations and liabilities, and to ensure an orderly liquidation that is fair to all of Limora's creditors.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  Alexander Lawson and Paul Pretlove, in their capacity as the Foreign Representatives, confirm their consent, on behalf of the Debtor, under Bankruptcy Rule 7008, to the entry of a final order by this Court in connection with the Petition to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9.      This case has been properly commenced pursuant to Section 1504 of the Bankruptcy Code by the filing of the Petition for recognition of the Foreign Main Proceeding under Section 1515 of the Bankruptcy Code.

10.     Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1410(1).  Limora's principal asset in the United States is its interest in an undrawn retainer with Freshfields Bruckhaus Deringer US LLP, the Foreign Representatives' United States

counsel, whose office is located at 601 Lexington Avenue, 31st Floor, New York, NY, which is located in the Southern District of New York.

11.     The statutory bases for relief are Sections 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

## BACKGROUND

### I.    The Debtor's Business.

12.     Limora was incorporated in the BVI on March 11, 2008 as a "company limited by shares."  Its registered office, prior to and following the appointment of the Foreign Representatives, is located at P.O. Box 146, Road Town, Tortola, British Virgin Islands.

13.     Limora is a holding company that is the ultimate parent of the entities in the Limora Group, an international group of companies in the resort industry.  The Limora Group's organizational structure is depicted in the structure chart attached hereto as Exhibit C (the "Organization Chart").

14.     The Limora Group has a range of interests.  Its primary source of income has traditionally been holiday resorts and timeshares located in Tenerife, Spain.  The Limora Group also holds, amongst other things, interests in hotels and resorts in Thailand and the United Kingdom, property in Italy, luxury car rental businesses and "supercar" membership businesses.  The Limora Group entities employ hundreds of employees across at least 16 jurisdictions.

15.     The Limora Group includes certain companies located in the United States, including (i) Online Distribution Company LLC; and (ii) American Resort Coalition Inc. and certain of its subsidiaries.  *See* Organization Chart.

16.     The crux of this Chapter 15 filing is straightforward.  The Debtor is part of a complex corporate structure that includes U.S. and non-U.S. direct and indirect subsidiaries. The Foreign Representatives are conducting a thorough investigation of the Limora Group's

affairs, and seek to access the United States Courts and United States discovery to further that investigation.

17.      Several of the people with knowledge of the affairs of the Debtor and its subsidiaries are subject to U.S. jurisdiction.  In order to conduct a proper investigation and to fulfill their duties as liquidators under BVI law, the Foreign Representatives need Chapter 15 relief to facilitate their investigation of the Debtor and its assets, affairs, rights, obligations and liabilities.

**II.      Events Leading up to the Chapter 15 Petition.**

18.      As set forth above, the sole member of Limora is Lumbro in its capacity as the trustee of the Limora Trust.  The settlor of the Limora Trust was Mr. Trotta, who died in December 2017.  The beneficiaries of the Limora Trust are Mr. Trotta's surviving children and spouse.

19.      In mid-2018, subsequent to the death of Mr. Trotta, the Limora Trust received a number of requests from Signallia Group DMCC ("Signallia"), a company in the Limora Group, for funding to cover its cash flow needs.  These requests were unusual as there had never previously been any requirement for Limora to fund cash flow needs of Signallia.

20.      Given the apparent pressing liabilities and in order to avoid what appeared to be a substantial risk of certain parts of the Limora Group collapsing due to a lack of liquidity, Limora provided the funding.

21.      Following the provision of that emergency funding, on December 21, 2018, Limora engaged Alvarez & Marsal Europe LLC's Disputes & Investigations team ("A&M DI") to investigate the financial position of Limora and potential ways forward.  A&M DI's review at that time focused on the Spanish incorporated entities within the Limora Group and, in particular, the areas of cash management to better understand the position with the Limora Group's operations in Tenerife.

22.     As a result of A&M DI's investigations, it became apparent that there were multiple significant issues affecting the Limora Group, in particular concerns about misconduct by certain members of the management teams of entities within the Limora Group entities, and ultimately the uncertain financial position of the Limora Group as a whole.

23.     Given the seriousness of the issues facing the Limora Group and entities within it, Lumbro felt that proactive action had to be taken to end the continued uncertainty and mismanagement within the Limora Group, and to act in the best interests of Limora, the wider Limora Group and its creditors.

24.     Lumbro decided that there were real benefits to appointing insolvency professionals at Limora because those insolvency professionals could then oversee the conduct of the wider Limora Group and give effect to the necessary steps to ensure the best possible outcome for creditors and stakeholders.

25.     Therefore, on February 13, 2019, Alexander Lawson, an employee of Alvarez & Marsal Cayman Islands Limited ("A&M Cayman"), and Paul Pretlove of Kalo (BVI) Limited, were appointed as the Joint Liquidators of Limora pursuant to a qualifying resolution in accordance with Section 159(2) of the BVI Insolvency Act, placing Limora into the liquidation constituting the Foreign Main Proceeding.  *See* Resolution.  A "qualifying resolution" under BVI law is a resolution passed at a properly constituted meeting of a company by a majority of 75 percent or, if a higher majority is required by the company's memorandum or articles of association, by that higher majority of the votes of those members of the company present and voting at the meeting.  *See* Declaration of Iain James Tucker Pursuant to 28 U.S.C. § 1746 in Support of Verified Petition for Recognition of Foreign Main Proceeding Under 11 U.S.C. §§ 1515 and 1517 and Relief Under 11 U.S.C. §§ 1520 and 1521 at ¶ 22 (the "Tucker Declaration").

## RELIEF REQUESTED

26.     The Foreign Representatives seek recognition of the Foreign Main Proceeding

in the BVI as a "foreign main proceeding" within the meaning of the Bankruptcy Code and

seek entry of an order of this Court, substantially in the form of the proposed order filed

herewith, granting the following relief in support of the Foreign Main Proceeding in the BVI:

- recognition of the Foreign Main Proceeding in the BVI as a "foreign main proceeding," as defined in 11 U.S.C. § 1502(4), in accordance with 11 U.S.C. § 1517;

- recognition of the Foreign Representatives as "foreign representatives" of the Debtor within the meaning of 11 U.S.C. § 101(24) and for all purposes under Chapter 15 of the Bankruptcy Code;

- all relief afforded to foreign main proceedings automatically upon recognition, including the "automatic stay" under Bankruptcy Code Section 362, as of right under 11 U.S.C. § 1520(a), or, if not as of right, then as additional relief to the extent authorized by 11 U.S.C. § 1521; and

- such other relief as this Court may consider just and proper.

27.     The Foreign Representatives also seek the following additional relief under

1504, 1507, 1515, 1520 and 1521 of the Bankruptcy Code, including, without limitation:

- staying the commencement or continuation of individual actions or proceedings concerning the assets, rights, obligations or liabilities of the Debtor to the extent not stayed under 11 U.S.C. § 1521(a);

- staying execution against the assets of the Debtor to the extent not stayed under 11 U.S.C. § 1521(a);

- suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under 11 U.S.C. § 1521(a);

- providing for the Foreign Representatives to examine witnesses, take evidence, and deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities § 1521(a);

- entrusting the administration or realization of all or part of the Debtor's assets within the territorial jurisdiction of the United States to the Foreign Representatives § 1521(a);

- otherwise granting comity to and giving full force and effect to the Foreign Main Proceeding in the BVI; and

- granting such other relief and additional assistance as the Foreign Representatives may request from time to time, to the extent authorized by 11 U.S.C. § 1507, and granting the Foreign Representatives such other relief as this Court may consider just and proper.

28.    In the event the Court determines that the Foreign Main Proceeding in the BVI is not eligible to be recognized as a foreign main proceeding, the Foreign Representatives seek recognition of the Foreign Main Proceeding in the BVI as a foreign nonmain proceeding, as defined in Section 1502(5) of the Bankruptcy Code, and request that the Court grant the relief authorized by Section 1521 of the Bankruptcy Code and such other further relief requested in the paragraphs above.

## BASIS FOR RELIEF

29.    Chapter 15 of the Bankruptcy Code is designed to protect and maximize the value of a foreign debtor's assets, and to facilitate the liquidation or restructuring of its assets and liabilities.  The relief afforded to a foreign debtor under Chapter 15 is intended to avoid disruptions that could otherwise derail a debtor's insolvency proceeding in its home country, in this case, the BVI.  One of the primary objectives of Chapter 15 is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § 1501(a)(3).

30.    Consistent with these principles, the Foreign Representatives have commenced this ancillary proceeding under Chapter 15 of the Bankruptcy Code to obtain recognition of the Foreign Main Proceeding in the BVI.  The Foreign Representatives believe that this Chapter 15 case will complement the Debtor's primary proceeding in the BVI to ensure the effective and economic administration of the Debtor's liquidation.  Pursuant to Section 1521(a)(4) of the Bankruptcy Code, Chapter 15 recognition of the Foreign Main Proceeding would provide the Foreign Representatives the right to examine witnesses, take evidence and arrange for the delivery of information concerning the Debtor's assets, affairs, rights, obligations and liabilities.  In addition, pursuant to Section 1509(b) of the Bankruptcy

Code, Chapter 15 recognition of the Foreign Main Proceeding would provide the Foreign Representatives with access to United States courts to pursue causes of action against entities and persons in the United States. Finally, Chapter 15 relief will protect any proceeds recovered by the Foreign Representatives in litigation brought in the United States and ensure that such proceeds are distributed in accordance with the Foreign Main Proceeding.

### III.    The Debtor Is Eligible for Chapter 15 Relief.

31.    Section 109(a) of the Bankruptcy Code provides that "only a person that resides or has a domicile, a place of business, or property in the United States . . . may be a debtor under this title." Courts in this District have applied Section 109(a) to Chapter 15 eligibility. *See, e.g.*, *Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238, 247 (2d Cir. 2013).

32.    Limora is eligible to be a debtor under Section 109(a) because it has property in the United States. As set forth above, Limora has an interest in an undrawn retainer with Freshfields Bruckhaus Deringer US LLP ("Freshfields"), the Foreign Representatives' United States counsel. Pursuant to the terms of a letter dated May 2, 2019 (the "Retainer Letter"), the Foreign Representatives agreed to transfer $10,000 of Limora's funds to the United States to serve as a retainer for Freshfields's fees throughout the engagement. Pursuant to the Retainer Letter, the funds can be applied to Freshfields' invoices only at the direction of the Foreign Representatives. The Foreign Representatives have not given any such direction and will not give any such direction until after the above-captioned Chapter 15 case is closed.

33.    On May 9, 2019, Limora's funds in the amount of $10,000 were deposited in Freshfields's account with CitiBank ("Citi") in the United States.

34.    Thereafter, the funds were transferred from Freshfields's account with Citi to a separate interest-bearing client trust account with Citi (the "Client Trust Account"). Limora

is the beneficial owner of the Client Trust Account for United States tax withholding purposes.

35.    Citi has confirmed that Limora has $10,000 in an account with Citi in the United States.

36.    Pursuant to the Foreign Representatives' arrangements with their counsel, Freshfields Bruckhaus Deringer US LLP is only permitted to apply the funds in the Client Trust Account to outstanding invoiced amounts at the Foreign Representatives' direction.

## IV.    The Court Should Recognize the Foreign Main Proceeding in the BVI as a Foreign Main Proceeding.

### A.    The Foreign Main Proceeding in the BVI is a Foreign Proceeding.

37.    Section 101(23) of the Bankruptcy Code defines "foreign proceeding" as:

a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

38.    Courts have held that a foreign proceeding is one:

- in which "acts and formalities [are] set down in law so that courts, merchants and creditors can know them in advance, and apply them evenly in practice," *In re Betcorp Ltd.*, 400 B.R. 266, 278 (Bankr. D. Nev. 2009);

- that has either a judicial or administrative character, *In re Ashapura Minechem Ltd.*, 480 B.R. 129, 136 (S.D.N.Y. 2012) (citing *Betcorp*, 400 B.R. at 277);

- that is collective in nature, in the sense that the proceeding considers the rights and obligations of all creditors, *id.*;

- that is located in a foreign country, *id.*;

- that is authorized or conducted under a law related to insolvency or the adjustment of debt, even if the debtor that has commenced such proceedings is not actually insolvent, *id.*;

- in which the debtor's assets and affairs are subject to control or supervision of a foreign court or other authority competent to control or supervise a foreign proceeding, *id.*; and

- whose purpose is reorganization or liquidation, *id.*

The Foreign Main Proceeding in the BVI satisfies these requirements and thus qualifies as a "foreign proceeding" under Section 101(23).

39.     *First*, the Foreign Main Proceeding in the BVI is a proceeding commenced pursuant to the BVI Insolvency Act.  As set forth more fully in the Tucker Declaration, the Insolvency Act is the law governing corporate insolvency, including liquidation, in the BVI. *See* Tucker Declaration at ¶¶ 25-26.  So far as liquidation is concerned, the Insolvency Act provides for two routes to liquidation:  the first route is via an order of the BVI court (Insolvency Act section 159(1)); the second route is via a "qualifying resolution" of the members of the company, as was done in the case of Limora.  Tucker Declaration at ¶ 27. Regardless of which of the two routes is adopted, the same principles apply to the liquidation. *Id.*

40.     *Second*, the Foreign Main Proceeding in the BVI is collective in nature.  A collective proceeding is one that "considers the rights and obligations of all creditors."  *In re Betcorp Ltd.*, 400 B.R. 266, 281 (Bankr. D. Nev. 2009).  As set forth in the Tucker Declaration, a key principle underlying the Insolvency Act is the *pari passu* principle that classes of creditors will share *pro rata* in the available assets.  Tucker Declaration at ¶ 28. The Insolvency Act provides a comprehensive "waterfall" of priority to provide for the application of the assets of a company in liquidation.  *Id.*  According to Mr. Tucker, the Foreign Main Proceeding is collective in nature because it does not operate for the benefit of any single creditor.  Tucker Declaration at ¶ 29.  Rather, a BVI liquidation operates to resolve and determine the rights of all claimants and stakeholders.  *Id.*

41.     *Third*, the Foreign Main Proceeding is both a "judicial" and an "administrative" proceeding within the meaning of Section 101(23) of the Bankruptcy Code. As the Tucker Declaration makes clear, "[w]hilst the appointment of the [Foreign Representatives] in the BVI Liquidation was effected out of Court, it is nevertheless

supervised by the [BVI] Court:  the Joint Liquidators are themselves officers of the [BVI] Court (s. 184(1) of the [Insolvency] Act)."  Tucker Declaration at ¶ 38.  Mr. Tucker also explains that "[a] Liquidator may, and usually does, apply to the [BVI] Court at any time for directions in relation to any particular matter arising in the liquidation."  *Id.*  As for the administrative nature of the Foreign Main Proceeding, Mr. Tucker states that pursuant to §§ 178.(1) & 179.(1) of the Insolvency Act, the Foreign Representatives are required to perform several administrative actions upon their appointment such as advertising their appointment as liquidators, filing notice of their appointment with the BVI Registrar of Corporate Affairs, calling a meeting of creditors and providing notice thereof to creditors.  *See* Tucker Declaration at ¶ 38.  Furthermore, the ultimate payments to creditors are made pursuant to the framework created by the Insolvency Act.  *Id.*  These actions are "administrative" within the meaning of § 101(23) of the Bankruptcy Code.  *See Betcorp* at 280 (providing notice to creditors of a liquidation and making payments to creditors as required under Australian insolvency law  are "administrative" actions within the meaning of § 101(23)).

42.      ***Fourth***, the Foreign Main Proceeding is pending in the BVI, which is a foreign country.

43.      ***Fifth***, the Insolvency Act is the BVI law governing liquidations such as the Foreign Main Proceeding.  Tucker Declaration ¶ 25.

44.      ***Sixth***, as set forth above and in the Tucker Declaration, the Debtor's assets are subject to the supervision of the BVI court during the pendency of the Foreign Main Proceeding.  Tucker Declaration at ¶ 38.

45.      ***Finally***, the objective of the Foreign Main Proceeding in the BVI is liquidation of all of the Debtor's assets.   The Resolution appointed the Foreign Representatives pursuant to Section 159(2) of the Insolvency Act to liquidate Limora.  Thus,

the Debtor has commenced the Foreign Main Proceeding for the purpose of liquidation, as required by Section 101(23) of the Bankruptcy Code.

46.     Accordingly, because all of the criteria required by Section 101(23) are satisfied, this Court should find that the Foreign Main Proceeding in the BVI constitutes a foreign proceeding.

**B.     The Foreign Main Proceeding is a "Foreign Main Proceeding."**

47.     A court will recognize a foreign proceeding as a "foreign main proceeding" if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b).  Bankruptcy Code Section 1516 establishes a rebuttable presumption that the debtor's registered office is the debtor's center of main interests (the "COMI").  *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008).   "[A] debtor's COMI is determined as of the time of the filing of the Chapter 15 petition," but, "[t]o offset a debtor's ability to manipulate its COMI, a court may also look at the time period between the initiation of the foreign liquidation proceeding and the filing of the Chapter 15 petition." *Morning Mist Holdings Ltd. v. Krys* (*In re Fairfield Sentry Ltd.*), 714 F.3d 127, 133, 137 (2d Cir. 2013).  When considering a debtor's COMI, a court may consider the analogous concept of an entity's "principal place of business" or "nerve center." *Morning Mist* at 138 n.10. Courts will thus look to such factors as the location of the debtor's headquarters, the location of those who actually manage the debtor, and the location of the debtor's primary assets, among other things, to determine a foreign debtor's COMI. *Id.* at 130.

48.     These factors conclusively support a finding that the Debtor's COMI is the BVI:

- the Debtor is incorporated in the BVI;
- the Debtor's registered office prior to and since the commencement of the Foreign Main Proceeding was in the BVI, specifically at the offices of Trident

Trust Company (B.V.I.) Limited, Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands;

- the Debtor has assets located in the BVI, which include its direct subsidiaries Viewcraig Group Holdings Limited and Resort Properties Group Limited;

- the Debtor's books and records are located in the BVI;

- the situs of the shares of the Debtor is the BVI (Tucker Declaration at ¶ 44); and

- Mr. Pretlove, one of the Foreign Representatives, resides permanently in the BVI, as required by BVI law. Based on these and other factors, the Debtor's COMI is the BVI.

49. Accordingly, Alexander Lawson and Paul Pretlove, in their capacity as the Foreign Representatives, respectfully submit that this Court should find that the BVI is the Debtor's COMI.[1] Thus, this Court should recognize the Foreign Main Proceeding in the BVI as a "foreign main proceeding" under Section 1517(b) of the Bankruptcy Code.

## V.   The Chapter 15 Case Has Been Commenced by the Duly Authorized Foreign Representatives.

50. Section 1517 of the Bankruptcy Code provides that a "foreign representative" shall apply for recognition of the foreign proceeding. Section 101(24) of the Bankruptcy Code defines "foreign representative" to mean

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

51. Attached hereto as Exhibit A, the Foreign Representatives have filed a copy of the Resolution, commencing the Foreign Main Proceeding and appointing the Foreign Representatives as the joint liquidators to oversee and supervise the conduct of the Foreign Main Proceeding in the BVI. The Tucker Declaration makes clear that the Foreign Representatives are officers of the BVI court, and are authorized and empowered to administer the liquidation of the Debtor's assets and affairs under the supervision of the BVI

---

[1]    The Second Circuit has held that similar BVI liquidation proceedings are entitled to Chapter 15 recognition and relief. *See, e.g. In re Fairfield Sentry Ltd.*, 714 F.3d 127, 140 (2d Cir. 2013).

court, and to take possession of, protect, and realize on the assets of the Debtor for distribution in accordance with the Insolvency Act. Tucker Declaration at ¶ 41. Thus, the Foreign Representatives satisfy the requirements of Section 101(24) of the Bankruptcy Code and should be determined to be "foreign representatives" within the meaning of that section.

## SATISFACTION OF LOCAL BANKRUPTCY RULE 9013-1(A)

52.     The Petition includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to the Petition. Accordingly, the Debtor submits that the Petition satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## NOTICE

53.     Contemporaneously herewith, the Debtor has filed the *Application Pursuant to Federal Rules of Bankruptcy Procedure 2002(m), 2002(q) and 9007 for Entry of an Order Scheduling Hearing and Specifying Form and Manner of Service of Notice of Hearing*. The Foreign Representatives shall provide service and notice of this Petition in accordance with this Court's *Order Pursuant to Federal Rules of Bankruptcy Procedure 2002(m), 2002(q) and 9007 Scheduling Hearing and Specifying Form and Manner of Service and Notice of Hearing*, dated May __, 2019 (__), on or before _____, 2019, which shall constitute sufficient service and notice of this Petition.

## NO PRIOR REQUEST

54.     No prior request for the relief sought in this Petition has been made to this or any other court.

## CONCLUSION

55.     Alexander Lawson and Paul Pretlove, in their capacity as the Foreign Representatives, respectfully submit that the Petition satisfies the requirements for the recognition of Alexander Lawson and Paul Pretlove as the Debtor's "foreign representatives,"

and for recognition of the Foreign Main Proceeding in the BVI as the Debtor's "foreign main

proceeding," and request entry of an order granting the relief requested herein.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Foreign Representatives respectfully request entry of the order, substantially in the form attached hereto as Exhibit D, granting the relief requested herein and such other and further relief as is just and proper.

New York, New York
Dated: May 23, 2019

   /s/ *Madlyn Gleich Primoff*
Madlyn Gleich Primoff, Esq.
Alexander Adams Rich, Esq.
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone:   (212) 277-4000
Facsimile:   (212) 277-4001

Attorneys for the Foreign Representatives

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| IN RE: | ) | Chapter 15 |
| | ) | |
| LIMORA INVESTMENTS LIMITED – IN LIQUIDATION, | ) ) | Case No. 19-[_____] |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |
| | ) | |

I, Alexander Lawson, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1.      I have assumed the role of foreign representative of Limora Investments Limited – in liquidation.

2.      I have read the foregoing petition, and I am informed and believe that the factual allegations contained in it are true and accurate.

3.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this 21 day of May, 2019, in Grand Cayman, Cayman Islands.

_____
Alexander Lawson
Foreign Representative of
Limora Investments Limited
- in liquidation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| IN RE: | ) | Chapter 15 |
| | ) | |
| LIMORA INVESTMENTS LIMITED – IN LIQUIDATION, | ) ) | Case No. 19-[_____] |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |
| | ) | |

I, Paul Pretlove, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

1.      I have assumed the role of foreign representative of Limora Investments Limited – in liquidation.

2.      I have read the foregoing petition, and I am informed and believe that the factual allegations contained in it are true and accurate.

3.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed this _23_ day of May, 2019, in Road Town, Tortola, British Virgin Islands.

Paul Pretlove
Foreign Representative of
Limora Investments Limited
- in liquidation